Case 4:24-cv-04950   Document 7   Filed on 01/13/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLEN LEE HAYWARD, (SPN #02610719) § § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. H-24-4950 |
| SERGEANT ROBERSON, *et al.*, § § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Glen Lee Hayward, (SPN # 02610719), is a pretrial detainee in the Harris County Jail. Representing himself, he sued Sergeant Roberson, Field Training Officer Perez,[1] Detention Officer Evans, and the Harris County Medical and Mental Health Staff under 42 U.S.C. § 1983. (Docket Entry No. 1). He alleges that the medical and mental health staff "keep taking [him] off [his] medications." (*Id.* at 3). He also alleges that on December 8, 2024, Sergeant Roberson, Officer Perez, and Officer Evans refused to escort him to the clinic when his nose was bleeding. (*Id.*). Hayward alleges that the nosebleed was a medical emergency because he has high blood pressure, bad sinuses, and allergies. (*Id.* at 4). He asks the court to investigate the defendants and award him money damages for his pain and suffering and mental anguish. (*Id.*). Hayward also filed a motion seeking leave to proceed without prepaying the filing fee, (Docket Entry No. 4), and he later provided a certified copy of his inmate trust fund account statement, as required by 28 U.S.C. § 1915(a)(2). (Docket Entry No. 6).

---

[1] In his complaint, Hayward names Field Training Officer Lopez. (Docket Entry No. 1, pp. 1, 3). He filed a letter on December 18, 2024, stating that this was an error and that the correct defendant is Field Training Officer Perez. (Docket Entry No. 5).

Hayward's action is governed by the Prison Litigation Reform Act, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding without prepaying the filing fee. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action without prepaying the filing fee if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records show that, since Hayward has been incarcerated, he has filed at least three civil actions that the courts have dismissed as frivolous or for failing to state a claim upon which relief could be granted. *See Hayward v. Gonzalez*, Civil No. 4:24-cv-385 (S.D. Tex. May 10, 2024) (dismissed for failing to state a claim); *Hayward v. Harris County Jail, et al.*, Civil No. 4:24-cv-1327 (S.D. Tex. May 21, 2024) (dismissed as frivolous); *Hayward v. Gonzalez, et al.*, Civil No. 4:24-cv-4586 (S.D. Tex. Dec. 4, 2024) (dismissed as frivolous and malicious). As a result of these prior filings, Hayward may not proceed with this civil action without prepaying the filing fee unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

The imminent-danger exception to the three-strikes rule "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85.

The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of the denial of routine medical care for conditions that are not immediately life-threatening do not trigger the exception. *See, e.g., McCoy v. Murray*, 600 F. App'x 250, 251 (5th Cir. 2015) (per curiam) (a prisoner's complaints of pain from a prior injury and alleged delays in receiving medication did not establish that he was in imminent danger of serious physical injury when he filed his complaint); *Jackson v. United States*, Civ. No. 4:15-cv-696, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (a prisoner's general complaints about the ongoing nature of an alleged lack of medical care do not meet the imminent danger exception); *Gallagher v. McGinnis*, Civ. No. A00-1468, 2000 WL 739285 (E.D. La. June 5, 2000) (allegations that the prisoner was not receiving the kind and amount of medical care he believed were appropriate were not sufficient to show imminent danger). And allegations based on speculation about a future potential injury do not trigger the exception. *See Davis v. Stephens*, 589 F. App'x 295, 296 (5th Cir. 2015) (per curiam).

Hayward's complaint alleges that he was denied timely medical care for a serious medical condition more than a week before he filed his complaint. These allegations do not show that he was in imminent danger when he filed his complaint on December 16, 2024. And his complaints of a single instance of a delay in receiving medical care and ongoing changes in his medications

3

do not show that he faces the kind of "*imminent* danger of *serious* physical injury" necessary to permit a prisoner who has filed multiple frivolous lawsuits in the past to proceed under § 1915(g). Hayward is not entitled to proceed with this action unless he prepays the filing fee.

Hayward's complaint, (Docket Entry No. 1), is dismissed without prejudice under 28 U.S.C. § 1915(g). Any pending motions are denied as moot. If Hayward wishes to pursue this action, he must prepay the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this order. **The Clerk will provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED on January 13, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge